UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KIM ANTHONY TERRELL,

        Petitioner,

v.                                    Case No. 2:03-cv-208
                                    HON. GORDON J. QUIST

LINDA METRISH,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Kim Anthony Terrell filed this petition for writ of habeas corpus challenging the validity of his state court conviction for assault with intent to do great bodily harm less than murder and driving while impaired. Petitioner was convicted after a jury trial on January 25, 1999, and on March 26, 1999, was sentenced to a prison term of five to ten years on the assault charge and a 90 day jail term on the impaired driving charge.

        The Michigan Court of Appeals summarized the facts of the case;

        Defendant and Vicky Blanchard-Terrell, his estranged wife, got into an argument at a local tavern. Blanchard-Terrell left the tavern, with defendant following, and the argument continued in the parking lot. Blanchard-Terrell refused defendant's offer for a ride, and began walking home. Defendant drove his truck to Blanchard-Terrell's residence and rear-ended a vehicle parked in the driveway, pushing it through the garage.

        Defendant then returned to where Blanchard-Terrell was walking and told her to get in the truck. When Blanchard-Terrell refused, defendant turned the truck around, drove to where Blanchard-Terrell was walking, hit her with the truck, and dragged her approximately ten feet until he ran into a station wagon. A bystander pulled Blanchard-Terrell out from under the truck before defendant fled the

scene. Defendant eventually ran the truck into a telephone pole and brick utility building down the street. At trial, defendant did not dispute that the incident occurred, arguing instead that it was a drunk driving accident.

Michigan Court of Appeals' opinion at 1-2, docket #35.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

I. Did the trial court abuse its discretion by failing to give an opinion on the issue consistent with court rule and law. The State has failed to articulate its reasoning for denying the requested hearing on the appellate counsel's performance, allowing this reviewing court to arrive at their own conclusion.

II. Petitioner was denied a full appeal by right by a state created impediment, because petitioner was forced to rely on the MDOC to make copies for filing with the Michigan Supreme Court.

III. Petitioner prejudiced by the substitution of counsel which was plain error not requiring trial court preservation.

IV. Petitioner denied substantive and procedural due process rights by the amendment of judgment for restitution without his presence at a hearing.

V. Petitioner denied his United States Constitutional Amendment VI right to effective trial counsel where counsel failed to pursue factual defense of temporary insanity.

> VI. Petitioner denied effective assistance of appellate counsel where counsel failed to provide materials to file a supplemental brief on issue of jury coercion.
>
> VII. Petitioner prejudiced by the prosecution failure to call endorsed res gestae witnesses.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than

this Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.*

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 577 U.S. 1040 (1999).

Respondent argues that petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part

of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 ("AEDPA"). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest ofS
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 121 S. Ct. 2120 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In this case, § 2244(d)(1)(A) provides the period of limitation. The other subsections do not apply to the grounds that petitioner has raised. Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals which was denied on December 1, 2000. Petitioner's motion for a rehearing was denied on January 25, 2001. Petitioner attempted to appeal the decision to the

Michigan Supreme Court, but failed to properly file a timely appeal. His application was returned for failing to comply with the 56 day period under M.C.R. 7.302(C)(3). Therefore, the statute of limitations period began to run after the completion of the 56 day period on March 23, 2001. Three hundred and twenty-nine (329) days passed before petitioner filed a motion for relief from judgment on February 15, 2002. Petitioner appealed the denial of his motion through the Michigan Supreme Court, which denied his application for leave to appeal on July 28, 2003. Petitioner filed this petition on September 5, 2003, when it was received by the United States District Court Clerk's Office.

Petitioner's application could be considered timely only if the time petitioner could have sought a writ of certiorari to the United States Supreme Court could toll the limitations period. A motion for post-conviction relief is considered "pending" during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court on collateral review. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). It also is considered pending during the period in which the petitioner could have filed a petition for writ of certiorari in the United States Supreme Court, whether or not such a petition actually was filed. *See Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (*en banc*). Respondent urges this court to disregard *Abela* as dicta. However, *Abela* clearly states that the time a petitioner could have filed for writ of certiorari tolls the limitation period. The undersigned recommends that the petition be considered timely.

Respondent argues that petitioner procedurally defaulted his claims when the Michigan appellate courts rejected petitioner's appeal of the denial of his motion for relief from judgment. When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit

applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

      Here, the Michigan Court of Appeals expressly stated that it denied petitioner's application for leave to appeal on the basis that petitioner failed to "meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." ( March 20, 2003 Ord., docket # 37.) Under M.C.R. 6.508(D)(2) and (3), a defendant may not collaterally attack a conviction based upon claims that were decided against him in a prior appeal or that could have been raised on direct appeal. For claims that could have been raised, the defendant is entitled to relief only if he can establish "good

cause" for failing to raise the grounds on appeal and "actual prejudice," as shown by a "reasonably likely chance of acquittal" or an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand." M.C.R. 6.508(D)(3)(a)-(b). In assessing how "firmly" a state procedural rule has been established, the critical inquiry is whether, viewed from the time of the petitioner's later significant actions or inaction, the petitioner could be deemed to have been apprised of the procedural rule's existence. *Luberda v. Trippett*, 211 F.3d 1104, 1006-1007 (6th Cir. 2000). Because M.C.R. 6.508(D) was enacted in 1989 and petitioner's conviction and appeals took place some time thereafter, M.C.R. 6.508(D) was a "firmly established" procedural rule for purposes of petitioner's action. *See Luberda*, 211 F.3d at 1007; *Rogers v. Howes*, 144 F.3d 990, 994 (6th Cir. 1998). Petitioner has failed to show cause and prejudice to excuse his procedural default of his claims. Accordingly, it is recommended that the petition be dismissed.

Moreover, petitioner's claims, in the opinion of the undersigned, fail on the merits. The majority of petitioner's claims involve allegations of ineffective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*,

142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).

Petitioner argues that his appellate counsel was ineffective in the remand hearing regarding whether the court read back witness testimony to the jury. Appellate counsel investigated petitioner's underlying claim and concluded that there was no issue to pursue. The trial attorney could not recall all the facts. The trial court explained in an order that after the jury sent the note requesting a re-reading of testimony, the court requested that the jurors rely on their collective memory. After the jurors sent a second note, the court, with defense counsel approval responded that the testimony consisted of 113 pages, inquiring whether the jurors were sure that they wanted it. The transcript was prepared over the weekend, but the jurors never requested to see it after it was

prepared. According, to appellate counsel, in speaking with one of the jurors in her investigation of the matter, the juror indicated that they had decided that they no longer needed to re-hear the testimony. It was not unreasonable to forego the evidentiary hearing on this issue, because there existed no likelihood of success that trial counsel was ineffective.

Petitioner argues that the Michigan Supreme Court should not have strictly relied upon the 56 day time limit for filing applications for leave to appeal. However, that is solely a matter of state law that is not actionable in this proceeding. A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (1988). Therefore, it appears that this portion of petitioner's argument should be dismissed.

Petitioner argues that he was denied effective assistance of counsel when substitute counsel represented him at sentencing. However, the sentence petitioner received was justified under the facts. The judge explained at sentencing:

> I understand your argument, but in presiding over the trial this man turned his truck around, drove it up over a curb, ran over his wife, and it is only by the grace of God, so to speak, she wasn't killed. I do not for a moment believe his version that she jumped up on to the hood of his truck. . . . And given the way that he was driving, the fact that he finally crashed the truck before he backed off, and she rolled out from under it, I think the 50 points is proper, . . . I really do.

Sentence transcript at 4-5, docket #33. Petitioner has not shown that he received ineffective assistance of counsel. Similarly, petitioner has failed to show a violation of his constitutional rights as a result of the restitution order. Petitioner's claim that counsel should have asserted an insanity defense lacks merit. There exists nothing in the record which could support an insanity claim or that

could establish that counsel was ineffective for failing to pursue an insanity defense. Finally, petitioner asserts that counsel failed to call two witnesses to testify during trial. However, petitioner has failed to show how counsel was ineffective for failing to call these witnesses.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny petitioner's application on procedural grounds of default. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a

certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of petitioner's claims are properly dismissed on the procedural grounds of default. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Moreover, petitioner has failed to show ineffective assistance of counsel or that any of his constitutional rights were violated. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   November 30, 2005